UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-22845-CIV-MARRA/JOHNSON

HARBOUR EAST DEVELOPMENT, LTD.,

     Appellant,

vs.

JAMES MILANA,

     Appellee.

_____/

**<u>OPINION AND ORDER DISMISSING CASE FOR LACK OF JURISDICTION</u>**

    THIS CAUSE is before the Court upon Appellant Harbour East Development, Ltd.'s

Brief Regarding Finality of Bankruptcy Court's Order and Judgment and Jurisdiction of District

Court (DE 11).  The Court has carefully reviewed Appellant's Brief, Appellee's Response (DE

14), and the record.  The issue of this Court's jurisdiction is now ripe for review.

## I. Background

    On October 25, 2010, James Milana, Appellee in this case, filed a complaint ("underlying

complaint") in an adversary proceeding against Harbour East Development, Appellant in this

Case.  Bank. Dock. DE 1.  The underlying complaint involved ten-counts: Breach of Contract

(Count I), Rescission Under section 718.202(5), Florida Statutes (Count II) Illusory Contract

(Count III), Violation of section 718.506(1), Florida Statutes (Count IV), Violation of sections

817.41 and 817.44, Florida Statutes (Count V), fraud in the inducement (Count VI), negligent

misrepresentation, (Count VII), fraudulent concealment (Count VIII), comingling of escrow

deposits (Count IX), and imposition of a constructive trust (X).  Bank. Dock. DE 1.  On June 20,

2011, the Bankruptcy Court issued an opinion and order that granting summary judgment in

favor of Milana and against Harbour East on Counts II, IX, and X.  Bank. Dock. DE 39.  The

other seven counts have still not been resolved by the Bankruptcy Court.

On August 5, 2011, Appellant filed a "Notice of Appeal from Bankruptcy Court" which sought appellate review of the Bankruptcy Court's Opinion and Order Granting Plaintiff's Motion for Partial Summary Judgment on Counts II, IX and X.  DE 1.  On August 24, 2011, the Court entered an Order requiring Appellant to file a brief with regard to the finality of the bankruptcy court order and the jurisdiction of the Court.  DE 10.  The Court stated: "To clarify whether the bankruptcy court order at issue here is a final order subject to appeal as a matter of right or an interlocutory appeal that necessitates leave of court, the Court requests that the parties brief this jurisdictional issue."  DE 10 at 2.

On September 2, 2011, Appellant filed the brief presently before the Court.  DE 11. Appellant only asserted that the bankruptcy order in question was a final order, electing not to seek leave of court to review the order as an interlocutory appeal.  Appellees subsequently filed a brief in response.  DE 14.

## II.  Legal Standards

"Federal courts are courts of limited jurisdiction."  Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 807 (11th Cir. 2003).  With regard to appeals from bankruptcy courts, district courts only have three types of orders that can be reviewed.  Section 158(a)(1) provides that district courts have jurisdiction to hear appeals "from final judgments, orders, and decrees."  Section 158(a)(2) provides that district courts have jurisdiction to hear appeals from certain interlocutory orders "issued under section 1121(d) of title 11," a statute  that does not appear applicable here.  Other interlocutory appeals fall within the ambit of Section 158(a)(3), which provides that district courts have jurisdiction to hear appeals "with leave of the court, from other interlocutory orders and decrees."

Similarly, Rule 8001(a) of the Federal Rules of Bankruptcy Procedure provides that an

appeal of right may be taken as permitted by 28 U.S.C. § 158(a)(1) or (a)(2).  On the other hand, under Rule 8001(b), an appeal from an interlocutory order of a bankruptcy judge permitted by 28 U.S.C. § 158(a)(3) shall be taken by filing a notice of appeal, accompanied by a motion for leave to amend prepared in accordance with Rule 8003 and proof of service in accordance with Rule 8008.

A district court sitting in bankruptcy has authority to determine its own jurisdiction. Chicot Cnty. Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 377 (1940).  Additionally, the Eleventh Circuit Court of Appeals "consistently has applied the final-order jurisprudence developed under 28 U.S.C. § 1291" when determining whether an order is final in a bankruptcy appeal.  In re Wisz, 778 F.2d 762, 764 (11 Cir. 1985).  Thus, a final order is an order that "ends the litigation on its merits and leaves nothing for the court to do but execute judgment."  Id. (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).  There are exceptions to the rule, however, if "(1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect [an] important interest of any party; and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations."  Id. (citing In re Tidewater, 734 F.2d 794, 796-97 (11th Cir. 1984)).

District courts are authorized to grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge pursuant to 28 U.S.C. § 158(a).  It is within the discretion of the district court to grant such a leave "if the subject issue (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) is such that an immediate appeal would advance the ultimate termination of the litigation."  In re Pacific Forest Products Corp., 335 B.R. 910, 919 (S.D. Fla. 2005) (citations omitted).  The moving party has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment."  Coopers & Lyband v.

Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals).

### III.  Discussion

The Court will not exercise jurisdiction over the order in question for three reasons: (1) it is not a final order; (2) Appellant's have not sought leave of the Court to review an interlocutory order; and (3) even if Appellant's had sought leave, the Court would decline to exercise its discretion to review the order.

First, the order that Appellant's seek to appeal is simply not a final order.  The order in question is one that grants a motion for <u>partial</u> summary judgment on only three of ten counts. The bankruptcy court still has to resolve seven other substantive claims, rendering the order being appealed anything but an order that "ends the litigation on its merits and leaves nothing for the court to do but execute judgment."  <u>In re Wisz</u>, 778 F.2d at  764.  Accordingly, the Court does not have mandatory jurisdiction over the order.

Second, Appellant's have failed to seek leave of Court to review the order as an interlocutory appeal.

Third, even if Appellant's had filed a motion for leave of court, the Court would decline to exercise its discretion to do so.  The legal issues presented in the order below do <u>not</u> involve a controlling question of law, let alone one that has a substantial ground for difference of opinion over.  Nor does the Court believe an immediate appeal of the order would advance the ultimate termination of the litigation.  Accordingly, the Court would not have exercised its discretion to review the order below even if Appellant had asked it to do so.

### IV.  Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that this

case **DISMISSED**.  The Clerk of this Court is **ORDERED** to **CLOSE THE CASE**.  All

pending motions are **DENIED AS MOOT**.

       **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 9th day of February, 2012.

_____

KENNETH A. MARRA
United States District Judge